IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ROY ABRAM,
    Plaintiff,

vs.                                                  Case No.3:14cv164/RV/EMT

PAMELA COTHRAN MARSH and
STEPHEN P. PREISSER,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case filed pursuant to 28 U.S.C. § 1331 or § 1346 is now before the court on Plaintiff's complaint (doc. 1).[1]  Leave to proceed in forma pauperis has been granted in this case (doc. 11).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

---

[1] Plaintiff also filed an "Amendment to Original Complaint for Illegal Detention" intended to supplement the complaint with additional facts.  Although this pleading fails to conform with the Local Rules, the Court by separate order has directed the Clerk to file the pleading so that the Court could review it in conjunction with the complaint.

(2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quotation and citation omitted).   Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory."  Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face.  Dismissal of this action is therefore warranted.

Plaintiff is in the custody of the federal Bureau of Prisons at the Federal Prison Complex in Coleman, Florida, serving a sentence imposed in this district.  The complaint identifies two defendants, United States Attorney Pamela Cothran Marsh and Assistant United States Attorney Stephen Preisser.  Plaintiff alleges that on May 16, 2013, he provided Defendants via certified mail with a series of forms pertaining to certain bonds or other financial documents.  In particular, one such form was a "GSA Bonds Standard Form 28 Affidavit of Individual Surety," while others were described as "Standard Form 24 Bid Bond," a "Standard Form 25 Performance Bond," a "Standard Form 25A Payment Bond," a "Standard Form 273 Miller Act Performance Bond," a "Standard Form 274 Miller Act Payment Bond," a "Standard Form 275 Miller Act Payment Settlement Bond," an "Optional Form 90 Release of Lien on Real Property," an "Optional Form 91 Release of Personal Property from Escrow," and a "Certified Security (Birth Certificate)" (doc. 1 at 5).  Plaintiff states that these forms were intended "for full settlement, closure and Substitution of Assets/Sureties" in his earlier criminal case where he was convicted on February 25, 2005, and for which he is currently serving a federal prison sentence of 264 months (*id.*).[2]  He then provides that Defendant Marsh was

---

[2] *See* United States v. Abram, Case No. 3:04cr00090/LAC.  The Court takes judicial notice of the record in Plaintiff's criminal case for purposes of this Report.  *See* Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995); In re Delta Resources, Inc., 54 F.3d 722, 725 (11th Cir. 1995)

in possession of these above-mentioned documents for longer than 90 days and has not acted upon them, and that as a result his detention or incarceration is now illegal.

Plaintiff thereby claims that his due process rights have been violated, for which he seeks immediate release from custody.  He also claims that, because Defendants' actions violated federal law, arrest warrants should be issued against them (*id.* at 7).[3]

It bears noting that, prior to filing the instant action, Plaintiff filed several motions in his criminal case seeking essentially the same relief—his release.[4]  Unsuccessful in seeking relief by these motions, Plaintiff then commenced the instant civil action.  To the degree that Plaintiff herein advances a federal claim of due process, apparently challenging the deprivation of his Fifth Amendment liberty interests relative to his incarceration, the process that would be due to him is fairly embedded in the federal criminal system, a process Plaintiff has readily availed himself of through the filing of the motions in his criminal case.  Thus, because Plaintiff adequately received due process, his Fifth Amendment claim is without merit.

---

[3] Plaintiff identifies 18 U.S.C. § 2073, False Entries and Reports of Moneys or Securities, and 18 U.S.C. § 2071, Concealment, as the federal statutes violated by Defendants.

[4] On December 30, 2009, after his conviction and sentencing, Plaintiff filed in his criminal case (Case No. 3:04cr00090/LAC) a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(5), in which he stated that he sent a promissory note in the amount of $1,700,000,000 to settle the criminal judgment entered by the court on February 28, 2005 (*see* doc. 137 in that case).

In docket number 141 of his criminal case, titled a Counterclaim Motion pursuant to Federal Rule of Civil Procedure 13(c), Plaintiff appeared to equate or reduce his criminal judgment into some sort of monetary or contractual terms, and recited Miller Bond Standard Forms 273 274 275, as well as 27 CFR § 72.11.  The motion sought Plaintiff's immediate release.

In docket number 143, titled Commercial Habeas Corpus, Plaintiff stated that his criminal judgment should be deemed satisfied pursuant to GSA bonds 24, 25 and 25A, along with an SF28 Affidavit of Individual Surety, and Optional Forms 90 and 91 that he evidently sent to the government.  This document also sought Plaintiff's immediate release.

In docket number 146, titled Release of Lien on Real Property or Administrative Habeas Corpus, Plaintiff appeared to equate release of lien on real property as being the equivalent of some sort of satisfaction of his conviction and sentence entitling him to immediate release.

In document number 147, titled Habeas Corpus, Plaintiff sought relief in accordance with the Code of Federal Regulations pertaining to bonds and insurance and stated that since he is no longer the surety for his criminal case, he should be released.

Finally, in document 150, titled Motion for Release of a Vessel or Property, he sought, in accordance with local admiralty rules, a release of the property identified as Plaintiff Samuel Roy Abram.

All of the above motions were denied by the Court.

Case No.: 3:14cv164/RV/EMT

The viability of Plaintiff's claim of due process notwithstanding, his claim must fail for perhaps an even more fundamental reason. Because the relief Plaintiff seeks is release from prison, his claim is in the nature of habeas corpus. Consequently, Plaintiff's claim runs headlong into the holding in Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), under which dismissal is warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed. *Id.* Although Heck involved a collateral attack on a state court conviction, the Eleventh Circuit has held that "collateral attacks on federal criminal convictions pose the same threat to the finality of federal criminal trials and have the same potential for creating inconsistent results as collateral attacks on state court proceedings"; thus, the Heck rule applies to federal civil rights claims as well. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); *see also* Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (finding that where a civil rights action implicates the validity of a conviction, there should be no distinction between state and federal prisoners; therefore, the analysis of a federal prisoner's Bivens-type action implicating a conviction 'should parallel the analysis used to evaluate state prisoners' § 1983 claims' (quoting Spina v. Aaron, 821 F.2d 1126, 1127-29 (5th Cir. 1987)).

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Thus, regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Therefore, declaratory or injunctive relief claims which are in the nature of habeas corpus claims—such as Plaintiff's request that he be immediately

released—are claims which challenge the validity of his conviction and/or sentence and are simply not cognizable as a civil rights claim.  Abella, 63 F.3d at 1066.[5]

Finally, Plaintiff's claim that Defendants should be arrested and prosecuted for their alleged actions is not viable.  The law is well-settled that a private citizen "has no judicially cognizable interest" in the criminal investigation or prosecution of another.  Otero v. United States Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (holding that a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir. 1988) (holding that a private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); O'Berry v. State Attorneys Office, 214 F. App'x 654, 657 (11th Cir. 2007) (unpublished) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against another citizen).  Thus, Plaintiff simply cannot gain the relief he seeks.

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 23rd day of October 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]  It should not escape notice that, while the Court has determined Plaintiff's claims to have no legal foundation as a civil rights claim, the allegations themselves border on the fantastic and might well be subject to dismissal because they are factually unreal and therefore frivolous.  *See* Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990); Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (recognizing the authority of courts to dismiss claims that are fantastic or delusional).

Case No.: 3:14cv164/RV/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**